IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:23-cr-00301-NYW

UNITED STATES OF AMERICA,

 Plaintiff,

v.

EDWARD MARTIN JONES, a.k.a. Edward Brown,

 Defendant.

---

## ORDER OF DETENTION

---

 THIS MATTER came before this court for a detention hearing on October 5, 2023. The government requested detention in this case. The defendant contested the request for detention. Both sides presented argument. In making its findings of fact, the court has taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

 In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

 The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, the court finds the following: The defendant is charged with one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The alleged conduct on which the charges in this court are based led to the defendant's conviction on attempted murder and two related charges in Denver County District Court. The defendant's state convictions were overturned, and the charges dismissed with prejudice, following a ruling by a Division of the Colorado Court of Appeals that the defendant's speedy trial rights had been violated.

Nevertheless, this court must consider "the *nature and circumstances* of the offense charged"—not the final disposition of related charges on procedural grounds in a state

proceeding —in carrying out its duty to assess the factors under the Bail Reform Act. In this regard, the government proffered evidence indicating that, on or about July 23, 2018, video surveillance footage from a mortuary near downtown Denver showed the defendant entering an unlocked vehicle and taking a bag from the vehicle. The owner of that vehicle reported that a distinctive pink Ruger handgun, which had been located in the vehicle, was missing. The government further proffered that, approximately two weeks later, on or about August 18, 2018, a High Activity Location Observation ("HALO") camera captured the defendant shooting at close range an apparently unsuspecting individual who was walking eastbound on East Colfax Avenue near downtown Denver. The firearm used in the shooting was identified as the distinctive pink gun that, according to the proffer, the defendant had stolen from the parked car several weeks before. The victim was shot twice, including a shot to the face that shattered his jaw. The victim survived, but suffered life-altering injuries. This court takes into account the extremely violent nature of the defendant's alleged actions, which resulted in grave and lifelong harm to a seemingly random victim, in finding that the defendant may pose a threat to the safety of other persons in the community.[1]

In assessing the weight of the evidence against the defendant, the court further considers the asserted identification of the defendant in the two videos (first, in the video showing him removing a bag from the vehicle parked near the mortuary, and second, in the video capturing the shooting); the purported identification of the defendant by persons near the scene of the shooting; and the evidence indicating that the stolen pink gun from the car near the mortuary was

---

[1] Counsel for the government stated at the detention hearing that the government is unaware of a motive for the shooting at this time.

the weapon used in the subsequent shooting on East Colfax Avenue. The court additionally takes into account the government's proffer that, at the scene of the shooting, the defendant was carrying a backpack containing a syringe filled with methamphetamine. The defendant has admitted other prior illegal drug use in the past, approximately ten years ago. Information presented at the detention hearing also showed that the defendant has a lengthy criminal history, which includes several parole revocations.

Accordingly, based on the foregoing, the court respectfully finds that the government has met its burden to establish by clear and convincing evidence that there is no condition or combination of conditions that it can impose to assure the safety of any other person or the community. Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: October 5, 2023

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge