**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 23-cr-00301-NYW-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    EDWARD MARTIN JONES,

      Defendant.

---

**ORDER ON MOTION TO WITHDRAW PLEA**

---

This matter is before the Court on the Motion to Withdraw Guilty Plea (or "Motion") filed by Defendant Edward Martin Jones ("Defendant" or "Mr. Jones-El").[1] [Doc. 111]. On May 8, 2024, Defendant was charged via Superseding Indictment with one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). [Doc. 28 at 1–2].

On January 24, 2025, Defendant filed a Notice of Disposition. [Doc. 81]. Specifically, Defendant and the Government entered into a plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C) in which Defendant agreed to plead guilty to Count 1 of the Superseding Indictment. [Doc. 85 at 1]. The plea agreement states that "[t]he

---

[1] Although Defendant is identified as "Edward Martin Jones" in the Superseding Indictment and other court documents, *see, e.g.*, [Doc. 28], he identifies himself as "Edward Martin Jones-El" in his own filings, *see, e.g.*, [Doc. 111 at 1]. Accordingly, the Court refers to Defendant as Mr. Jones-El, but does not order the Clerk of the Court to change the caption in this case, which presumably reflects Defendant's legal name.

parties agree that a sentence of 10 years is the appropriate disposition in this case" and "agree to recommend that the defendant receive credit for time serviced in this case and for time previously served in state custody in Denver District Court." [*Id.* at 2]. It also states that

> It is part of the binding Rule 11(c)(1)(C) agreement that the parties will recommend that crediting [of time served] and that the Court will adopt and make that recommendation at sentencing. In making that recommendation, the parties recognize that BOP will ultimately calculate the sentence. However, the parties agree to request that the Court's order reflect its intention that defendant receive credit for time-served, as stated above.

[*Id.* at 2 n.2].

The Court held a Change of Plea Hearing on February 19, 2025. [Doc. 84]. At the hearing, Mr. Jones-El was sworn and stated that he understood his oath to tell the truth. [Doc. 109 at 2:17–22, 5:17–25]. The Court asked Defendant questions to ensure that he was competent to plead guilty, [*id.* at 6:3–7:7], and he confirmed that he signed the plea agreement voluntarily, [*id.* at 14:1–9]. Defendant stated on the record that he agreed that the facts set forth in the plea agreement are true, [*id.* at 13:7–15], and that he believed he was guilty of the crime charged, [*id.* at 16:12–15]. He also confirmed that he understood the consequences of his guilty plea, including the maximum possible sentence of 10 years' imprisonment. [*Id.* at 16:16–19].

With respect to the plea agreement specifically, the Court asked Defendant if he understood that "if [the Court] accept[s] the plea agreement, the Court would be binding itself to sentence [Mr. Jones-El] to 10 years, and then making a recommendation to the Bureau of Prisons for credit for all time served." [*Id.* at 19:11–14]. Defendant confirmed that he understood. [*Id.* at 19:16]. He also stated that he was satisfied with the representation his lawyer provided and that he believed she had fully advised him

concerning his case.  [*Id.* at 22:7–12].  Mr. Jones-El withdrew his guilty plea to Count 1, entered a plea of guilty, and admitted to the forfeiture allegations.  [*Id.* at 23:7–24:1].

The Court then explained to Defendant that if it accepts the plea agreement, the Court would be agreeing "that the sentence will be 10 years" and that "there will be a recommendation for credit for time served to the Bureau of Prisons."  [*Id.* at 25:8–12].  The Court deferred acceptance of the plea agreement and advised Defendant that if it reviewed the Presentence Investigation Report and concluded it would not accept the Rule 11(c)(1)(C) agreement, it would let the Parties know.  [*Id.* at 24:24:–25, 25:13–17].  Defendant then asked to "interject real fast" and asked if the recommendation that he be credited with time served would be mandatory on the BOP; the Court answered that it had no control over the BOP, but explained that in its experience, the BOP makes that calculation when the Court recommends it.  [*Id.* at 25:18–26:10].  Defendant then expressed concerns that he would not be credited with time served.  [*Id.* at 26:16–30:3].  The Court clarified:

> If I accept the plea agreement, it will bind me, as the Court, to put that language, as requested, into the Judgment.  So I am not going to just sentence you to 10 years, I have to sentence you in a certain way with certain language and make a recommendation to the Bureau of Prisons.  If I accept a plea agreement, I will be accepting and guaranteeing you that the language will be in the Judgment.  But once it gets to the Bureau of Prisons, when they do their own calculation, right, that have to take my recommendation. . . .  I don't actually do that calculation, the Bureau of Prisons does that calculation.

[*Id.* at 30:4–31:2].  Defendant then said, "I understand all of that.  I understood it from the beginning, I am just -- it is not what I'm signing to."  [*Id.* at 31:3–5].  The Court then permitted Defendant to have an off-the-record conversation with his counsel.  [*Id.* at 33:7].

After Defendant consulted with his counsel, the Court asked Defendant if he was "intending to proceed with the plea agreement as we have explained." [*Id.* at 22:11–12]. Mr. Jones-El confirmed that he was. [*Id.* at 33:13]. The Court referred Defendant to the probation department for a presentence investigation report, set a Sentencing Hearing for May 22, 2025, and remanded Defendant to the custody of the United States Marshal pending sentencing. [*Id.* at 33:14–19, 34:10–13, 35:12–13].

After entering his guilty plea, Mr. Jones-El filed a number of pro se letters to the Court expressing discontent with his representation, which the Court struck as improperly filed. *See* [Doc. 87; Doc. 88; Doc. 89; Doc. 90]; *see also* [Doc. 93; Doc. 94]. Defendant's plea counsel then moved to withdraw from her representation under Colorado Rule of Professional Conduct 1.7(a)(2). [Doc. 91]. The Court held a hearing on the motion to withdraw, granted counsel's withdrawal, and appointed Mr. Jones-El new counsel from the Criminal Justice Act panel. [Doc. 96].[2] New counsel entered her appearance on April 1, 2025, and subsequently moved to continue the Sentencing Hearing. [Doc. 102; Doc. 105]. The Sentencing Hearing is currently set for July 23, 2025. [Doc. 106].

Defendant now moves to withdraw his guilty plea under Rule 11(d)(2)(B). [Doc. 111]. He argues that "he was misinformed by counsel about the significance of the recommendation to the Bureau of Prisons (BOP) for credit for time served when deciding to enter a plea under the terms of the plea agreement." [*Id.* at 1]. The Government opposes the Motion. [Doc. 113].

---

[2] Mr. Jones-El terminated two other attorneys before plea counsel entered her appearance. *See* [Doc. 24; Doc. 39].

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." It is the defendant's burden to show a "fair and just reason" for withdrawal. *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). To determine whether the defendant has met this burden, the Court considers a number of factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Garcia*, 577 F.3d 1271, 1273–74 (10th Cir. 2009) (quotation omitted). The first three factors "are the most important in [the] evaluation and are frequently dispositive." *United States v. Qualls*, 741 F. App'x 592, 597 (10th Cir. 2018). In addition, "[m]ore recent cases also instruct [courts] to consider an eighth factor of whether the government would be likely to convict the defendant at trial." *Id.* at 596. Whether to grant a motion under Rule 11(d)(2)(B) is within the trial court's discretion. *United States v. Graves*, 106 F.3d 342, 343 (10th Cir. 1997).

***Knowing and Voluntary Plea.*** In his Motion, Mr. Jones-El primarily argues that his plea was not knowing and voluntary because "he was misinformed by [plea] counsel about the significance of the recommendation to credit for time served when deciding to accept the plea agreement." [Doc. 111 at 7]. He points to a letter he received from plea counsel, which states that the agreement "includes an agreement by the parties that you get credit for all the time from when you was arrested on August 18, 2018," [Doc. 111-1 at 2], and argues that he "believed the time credit issue in the Plea Agreement was an agreement to credit for time served rather than a non-binding recommendation to the

BOP," [Doc. 111 at 7]. He also asserts that the draft plea agreement originally included language stating that the Court could impose a sentence below or above the advisory guideline range, up to the statutory maximum term, *see* [*id.* at 3], and that he construed this language to "mean that § 5G1.3 [of the United States Sentencing Guidelines] could be utilized to adjust his sentence as a back-up in the event credit [for time served] was not given," but that this language was omitted from the plea agreement, [*id.* at 8]. He states that he did not understand at the time of the plea agreement that he was not guaranteed time served, and that if he had understood this, "he would not have entered into the plea agreement." [*Id.*].[3]

A plea is voluntary and knowing if the defendant has "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "The defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). "To ascertain whether defendant knowingly and voluntarily entered his plea, the Court evaluates the language of the plea petition and the Rule 11 colloquy." *United States v. Calvin*, No. 12-cr-20006-01, 2013 WL 491939, at *2 (D. Kan. Feb. 8, 2013). "[C]ourts should give particular weight to knowing and voluntary statements that the defendant made under oath at the plea hearing." *United States v.*

---

[3] Defendant also states that "the following made him feel uninformed and coerced into his plea agreement: a request for a pre-plea guideline calculation by the probation department should have been requested and, the factual basis [in the plea agreement] was too broad but he was told it had to be that broad in order for him to get the time-credit." [Doc. 111 at 8]. However, he cites no authority to support his argument that a "pre-plea guideline calculation" should have been requested or explain how this renders his plea involuntary or unknowing. As for his second assertion, Mr. Jones-El stated under oath at the Change of Plea Hearing that he agreed that the factual basis set forth in the plea agreement was true. [Doc. 109 at 13:7–15].

*Begaye*, No. 10-cr-00456-JB, 2012 WL 119602, at *7 (D.N.M. Jan. 3, 2012). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992).

As recounted above, the Court explained to Defendant in detail and at length that the Court could only make a recommendation to the BOP with respect to credit for time served, and that the calculation of the sentence was ultimately up to the BOP. [Doc. 109 at 25:8–12, 30:4–31:2] Defendant confirmed under oath, after this explanation, that he understood this and wanted to proceed with his guilty plea. [*Id.* at 33:11–13]. In other words, even though Defendant raised questions about the time-served issue, he agreed to proceed with his plea after the Court explained that it could only make a recommendation as to time served. He also affirmed that he was not forced into his plea and that he was happy with his representation. *See* [*id.* at 21:24–22:12]; *see also Qualls*, 741 F. App'x at 597 (rejecting argument that the defendant did not understand he was looking at a life sentence where the "magistrate judge specifically asked [the defendant] whether he fully understood that he could be sentenced to '200 years' in prison"); *Calvin*, 2013 WL 491939, at *2 (guilty plea was knowing and voluntary where the court "conducted a thorough inquiry at the plea hearing" and the defendant affirmed that the plea was free and voluntary).

This case is fairly analogous to *United States v. Ahmed*, No. 2:16-cr-00021, 2018 WL 1027152 (D. Utah Feb. 21, 2018). In *Ahmed*, the defendant argued that his plea was not entered knowingly and voluntarily because he thought the plea agreement would give him credit for time served, but it did not. *Id.* at *6. There, the court found that "[a]ll of the credible evidence suggest[ed] that Mr. Ahmed knowingly agreed to a mandatory minimum

sentence of ten years"—specifically, the defendant was informed of the mandatory minimum sentence, the defendant acknowledged the mandatory minimum in court, and the plea agreement made no mention of time served. *Id.* at *7. The court found that the defendant's "claim that he was misled to believe that he could receive credit for time served is contradicted by the record" and that his "testimony to the contrary [was] not credible." *Id.* The court denied the motion to withdraw the guilty plea. *Id.* at *9.

Like *Ahmed*, the Court credits Mr. Jones-El's statements made under oath at the Change of Plea Hearing over his subsequent statements contradicting the credible evidence before the Court. The Court finds, as it did at the Change of Plea Hearing, that Mr. Jones-El's guilty plea was knowing and voluntary. This factor strongly favors the Government.

***Delay of Motion.*** Mr. Jones-El argues that he did not delay filing his Motion because he sent a pro se letter to the Court "seeking plea withdrawal just nine days after the plea hearing." [Doc. 111 at 8]; *see also* [Doc. 89]. The Government disagrees, arguing that Defendant "substantially delayed in filing his motion through his third and fourth counsel (3 months)." [Doc. 113 at 4]. While the Court acknowledges the short time period between the Change of Plea Hearing and Defendant's pro se letter, the Court has routinely informed Defendant that it does not accept pro se filings from represented Parties, *see, e.g.*, [Doc. 35; Doc. 56], and it struck Defendant's pro se letter upon its filing, *see* [Doc. 90]. The Court also acknowledges, however, that some of the delay in filing the Motion is attributable to plea counsel's withdrawal and new counsel's need to order and obtain a transcript from the Change of Plea Hearing. This factor is thus neutral.

***Prejudice to the Government and Inconvenience to the Court.*** Defendant states that he "do[es] not know of any reason that the government would be prejudiced by plea withdrawal" because "the case was almost 5 years old when Mr. Jones-El was indicted." [Doc. 111 at 9]. He also notes that "[a] presented report has not yet been prepared," which he says "should minimize the waste of court resources." [*Id.*]. The Government responds that it will be prejudiced if withdrawal is permitted because witnesses' memories "fade with time" and "the Government has already allocated resources to other cases and would have to disrupt this work to prepare for trial in this case." [Doc. 113 at 14]. It also contends that Defendant's actions in general have "result[ed] in a substantial inconvenience to the Court and a waste of judicial resources" because Defendant has terminated three attorneys and has litigated and lost five separate motions. [*Id.* at 14–15].

The Court respectfully agrees with the Government that these factors weigh against withdrawal. "[A]ny withdrawal of a plea wastes judicial resources," *Calvin*, 2013 WL 491939, at *3, and this Court has already conducted a lengthy Change of Plea Hearing and would be required find time in its docket to hold a trial in this case. Similarly, the Government has expended time and resources negotiating a plea agreement with plea counsel. These factors favor the Government.

Considering all of the factors addressed by Defendant, the Court finds that Defendant has not met his burden to show a fair and just reason to permit withdrawal of his guilty plea. The Motion to Withdraw Guilty Plea is respectfully **DENIED**, and the Sentencing Hearing set for July 23, 2025 **REMAINS SET**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)     The Motion to Withdraw Guilty Plea [Doc. 111] is **DENIED**.


DATED:  July 1, 2025                            BY THE COURT:

_____

Nina Y. Wang
United States District Judge